IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY R. FALLECKER, | ) | CIVIL ACTION NO. 2:19-cv-01253-CB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA; and | ) | |
| GOODWILL COMMERCIAL SERVICES, | ) | |
| INC., | ) | |
| | | |
| Defendants. | | |

## **AMENDED COMPLAINT**

AND NOW, comes Plaintiff, Kimberly R. Fallecker, by and through her attorneys, Michael E. Megrey, Esquire, and Woomer & Talarico LLC, and for her Complaint states as follows:

### **Parties**

1. Plaintiff, Kimberly R. Fallecker ("Plaintiff"), is an adult individual domiciled in Pennsylvania and residing at 113 Blatt Road, Fenelton, Butler County, Pennsylvania 16034.

2. Defendant, United States of America, is sued for Plaintiff's personal injuries caused by the negligent acts of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the Commonwealth of Pennsylvania. *See* 28 U.S.C. § 1346(b).

3. Defendant, Goodwill Commercial Services, Inc., is a Pennsylvania non-profit corporation with a registered office address located at 118 52nd Street, Pittsburgh, Allegheny County, Pennsylvania 15201.

4. Defendants, United States of America and Goodwill Commercial Services, Inc., will hereinafter be referred to as "Defendants" unless otherwise indicated.

## Jurisdiction and Venue

5. This is a civil action seeking damages against United States of America for negligence under the Federal Tort Claims Act, 28 U.S.C.A. § 2671, *et seq.*

6. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

7. A form 95 Claim was formally submitted on March 26, 2019 pursuant to 28 U.S.C.A. § 2401(b). *See also* 28 U.S.C.A. § 2675(a); 5 C.F.R. § 177.102 *et seq*.

8. Pursuant to 28 U.S.C.A. § 2675(a), the United States Office of Personnel Management issued a final written denial of Plaintiff's claim on August 27, 2019.

9. Venue lies in this District pursuant to 29 U.S.C. § 1391(b).

## Factual Allegations

10. At all times relevant and material hereto, Defendants leased, owned, operated, possessed, controlled, managed, or maintained the premises located at 1137 Branchton Road, West Sunbury, Butler County, Pennsylvania, 16061 ("Premises").

11. At all times relevant and material hereto, Defendants had a duty to inspect, maintain, repair, control, supervise and oversee the at-issue Premises and to warn of and correct dangerous conditions on the premises.

12. At all times relevant and material hereto, Defendants acted by and through their agents, servants, employees, representatives, assignees, subsidiaries, predecessors and successors in interest.

13. On or about June 5, 2017, Plaintiff was lawfully on the aforementioned Premises.

14. At all times relevant and material hereto, there existed a dangerous, defective, hazardous and unsafe condition characterized by a wet and slippery floor in the cafeteria of the Premises.

15. The area of the Premises where the aforementioned condition was located is traveled extensively by patrons and employees of the Premises on a daily basis.

16. Plaintiff was caused to slip and/or otherwise lose her balance and fall as a result of coming into contact with the aforementioned defective condition.

17. As a direct and proximate result of the aforementioned incident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

   a. Lumbar strain;

   b. Lumbar radiculitis;

   c. Lumbar stenosis with neurogenic claudication;

   d. Lumbar pain;

   e. Left trochanteric bursitis;

   f. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

   g. Nervousness, emotional tension, anxiety and depression.

18. As a direct and proximate result of the aforementioned incident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

   a. She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

   b. She has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

   c. Her general health, strength and vitality have been impaired;

   d. She has already undergone an L3-5 laminectomy with an L2-5 fusion procedure and may, in the future, have to face at least one, and possibly numerous, additional surgeries;

   e. She has sustained lost earnings and her earning capacity has been and may be permanently impaired; and

    f.   She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

19. At all times relevant and material hereto, the Defendants knew, or with the exercise of reasonable care, should have known of the dangerous, hazardous, unsafe and defective condition that existed on the premises.

20. At all times relevant and material hereto, Defendants failed to take and steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective condition.

## COUNT I
### Plaintiff v. United States of America
### Negligence

21. Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

22. The above-stated accident was a direct and proximate result of the negligence of the United States of America in the following particulars:

    a.   Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

    b.   In providing a premises that was unsafe for use;

    c.   In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

    d.   In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

    e.   In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

    f.   In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from traversing through the dangerous, hazardous, unsafe and defective condition;

    g.   In negligently designing, constructing, maintaining and operating the premises such that Plaintiff was caused to fall;

    h.   In failing to timely, properly, or regularly inspect the premises for defects; and

   i. In failing to remove, repair or cordon off the unsafe condition on the premises.

## COUNT II
**Plaintiff v. Goodwill Commercial Services, Inc.**
**Negligence**

23. Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

24. The above-stated accident was a direct and proximate result of the negligence of Goodwill Commercial Services, Inc. in the following particulars:

  a. Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

  b. In providing a premises that was unsafe for use;

  c. In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

  d. In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

  e. In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

  f. In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from traversing through the dangerous, hazardous, unsafe and defective condition;

  g. In negligently designing, constructing, maintaining and operating the premises such that Plaintiff was caused to fall;

  h. In failing to timely, properly, or regularly inspect the premises for defects; and

  i. In failing to remove, repair or cordon off the unsafe condition on the premises.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants for:

  a. General damages;

  b. Special damages, including, but not limited to medical, wage loss, and out of pocket expenses;

 c. The cost of this suit, including attorney fees, court costs, and interest; and

 d. Such other and further relief as this Honorable Court may deem just and equitable.

            Woomer & Talarico LLC

            **/s/Michael E. Megrey**
            Michael E. Megrey
            PA I.D. # 313748

`           Woomer & Talarico LLC
            2945 Banksville Road, Suite 200
            Pittsburgh, PA 15216
            Phone # (412) 388-0845
            mmegrey@woomerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14<u>th</u> day of <u>January</u>, 2020, a true and correct copy of the foregoing *Amended Complaint* was served by electronic mail through the U.S. District Court for the Western District of Pennsylvania's CM/ECF filing system, upon the following:

Kezia O. L. Taylor, Esq.
U.S. Attorney's Office for the Western Dist. of PA
707 Grant Street, Suite 4000
Pittsburgh, PA  15219
**Attorney for: United States of America**

Woomer & Talarico, LLC

**/s/Michael E. Megrey**
Michael E. Megrey
PA I.D. # 313748

Woomer & Talarico LLC
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216
Phone # (412) 388-0845
mmegrey@woomerlaw.com